SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I

No. E-14-623

| | |
|---|---|
| SUNSHINE ACADEMY/FIRST PENTECOSTAL CHURCH OF BRYANT<br><br>APPELLANT<br><br>V.<br><br><br>ARTEE WILLIAMS, DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES EMPLOYER CONTRIBUTIONS UNIT<br>APPELLEE | **Opinion Delivered** APRIL 1, 2015<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2014-EC-08]<br><br><br><br>REVERSED |

## BART F. VIRDEN, Judge

The Arkansas Department of Workforce Services (Department) found that the Sunshine Academy daycare operated by the First Pentecostal Church of Bryant (First Pentecostal) was an organization separate from the church within the meaning of Arkansas Code Annotated section 11-10-210(a)(4)(A) and therefore, Sunshine Academy must report wages and pay unemployment insurance on daycare employees. For its only point on appeal, Sunshine Academy argues the Department erroneously construed the statute. We agree, and we reverse.

In early 2013, a former employee of the daycare filed a claim for unemployment benefits. On May 30, 2013, the Department sent a letter to Sunshine Academy stating it was "liable to report wage information paid to workers subject to the unemployment tax." A

hearing was held on May 15, 2014, to determine whether Sunshine Academy was exempt from paying unemployment-insurance taxes under Arkansas Code Annotated section 11-10-210. The pastor of First Pentecostal, Jerry Paul Whitley, testified that everyone employed at the daycare is paid by the church, including the director of the daycare, Diann Crouse. Pastor Whitley testified his secretary, Regina Fields, is in charge of the "day-to-day financial dealings" of Sunshine Academy and reports directly to him, and the General Board of First Pentecostal Church of Bryant is also the board for the daycare. He testified the State partially funds Sunshine Academy, and the money is deposited into First Pentecostal's Sunshine Academy account. He explained the daycare uses only church facilities, and during church hours the church uses the daycare facilities for Sunday school.

Diann Crouse also testified at the hearing. She testified Sunshine Academy has around twenty employees, and everyone is paid by the church. The daycare receives state funding through the "Better Beginnings Program" and vouchers, as a part of the Department of Human Services' state licensing program for the daycare; federal funding supports a nutritional program at the daycare. Crouse explained Better Beginnings, vouchers, and federal nutritional funding are all voluntary, and a daycare could be operated without those programs and funding. Crouse testified Pastor Whitley has the final say concerning the hiring and firing of all daycare employees, and those processes are handled through the church business office. The daycare license is held in the name of First Pentecostal.

Regina Fields, the church secretary, testified she processes the church-employee payroll

and explained that First Pentecostal is the named holder of the account on all the checks, including the daycare employees' checks. Fields stated she thought possibly half the funding for the daycare comes from the church and tuition.

Jeremy Brown, Acting Unit Supervisor for the Alternative Base Period Unit, testified on behalf of the Department. He asserted Sunshine Academy is liable for unemployment insurance because it receives funding from the aforementioned state and federal programs. Brown asserted that receiving outside funding means that First Pentecostal does not have total control of the daycare and is therefore a separate employing unit. Additionally, Brown asserted Sunshine Academy is not primarily operated for religious purposes.

In the Department's opinion issued on July 11, 2014, it found that Sunshine Academy was not exempt from payment of unemployment taxes. In the section of the opinion entitled "findings of fact and conclusions of law" the Department found that "it does not matter who or what entity hires or pays the workers; they are still deemed to be engaged by the employing unit, in this case, Sunshine Academy." The Department stated:

> [B]ecause Sunshine Academy is a separate employing unit under § 11–10–208(a)(1), it is not entitled to the exemption under Ark. Code Ann. § 11–10–210(a)(4)(A)(i) because the exemption is only applicable to employees of a church or convention or association of churches, and not a separate employing unit.
>
> The Department further asserts that Sunshine Academy is not exempt from unemployment insurance tax contributions under Ark. Code Ann. § 11–10–210(a)(4)(A)(ii) because Sunshine Academy is not operated primarily for religious purposes[.]

I. *Standard of Review*

We conduct a de novo review when there are issues of statutory construction. *Ark. Comprehensive Health Ins. Pool v. Denton*, 374 Ark. 162, 286 S.W.3d 698 (2008).

## II. *Applicable Law*

Arkansas Code Annotated section 11-10-210 sets forth the following:

> For the purposes of subdivisions (a)(2) and (3) of this section, the term "employment" does not apply to service performed:
> (A) In the employ of:
> (i) A church or convention or association of churches; or
> (ii) An organization that is operated primarily for religious purposes and that is operated, supervised, controlled or principally supported by a church or convention or association of churches.

Id. § 11-10-210(a)(4)(A)(i) & (ii)( Supp. 2013). The Department interpreted the statute to mean the daycare must also be operated for primarily religious purposes to qualify for the exemption from paying unemployment insurance. In fact, the statute requires only that the services performed be under the employment of a church, or convention or association of churches, or, in the alternative, the services may be performed for an organization that is operated for religious purposes and that organization must be supported or controlled by a church.

Our supreme court dealt with this issue in *Arkansas Employment Security Division v. National Baptist Convention U.S.A., Inc.*, 275 Ark. 374, 630 S.W.2d 31 (1982). In that case, the National Baptist Convention owned and operated a hotel and bathhouse in Hot Springs. It was run for a profit and was open every week except the one week when annual the National Baptist Convention was held there. It had its own Commission appointed by the

National Baptist Convention, which supervised the bathhouse and hotel, and employed a manager to supervise the employees. Profits were turned over to the National Baptist Convention, but employees were paid from a bank account held by "National Baptist Hotel and Bathhouse maintained in Hot Springs."

The Employment Security Act, Arkansas Statutes Annotated section 81-1103(i)(1)(D)(i)(I) (Repl. 1976), preceded the current statute and provided that the term "employment" did not apply to service performed "in the employ of a church or convention or association of churches, or an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches." The language is essentially the same in the current statute.

In *National Baptist Convention*, our supreme court reversed the Board of Review's determination that the bathhouse and hotel were separate entities. The court explained its reasoning concerning the issue of whether there was a subordinate organization to the National Baptist Convention that qualified as an employing unit:

> No such entity exists in this case. The three-member commission does not have title to the property, has no funds of its own, is not a partnership or other form of organization, and merely employs Puckett to manage the facility. Thus, there is wholly lacking the intermediate employing unit that would be required to pay taxes if the Convention's own exemption is not applicable.
>
> . . . Hence, neither the supervisory commission nor the manager of the establishment supplants the Convention as the employing unit.

*Id.* at 377–8, 630 S.W.2d at 33.

SLIP OPINION

Our supreme court also held it was the legislative intent to categorize employees hired to work at the hotel as employees of the National Baptist Convention:

> If there were any remaining doubt about the legislative intention to make subordinate personnel the direct employees of the first, higher organization qualifying as an employing unit, that doubt would be completely dispelled by the following explicit subparagraph in the definition of an employing unit:

> Each individual employed to perform or to assist in performing the work of any person in the service of an employing unit (here the Convention) shall be deemed to be engaged by such employing unit for all the purposes of this act, whether such individual was hired or paid directly by such employing unit or by such person, provided the employing unit had actual or constructive knowledge of the work.

*National Baptist Convention,* 275 Ark. at 377–8, 630 S.W.2d at 33 (citing) Ark. Stat. Ann. § 81-1103(g)(2).

The Department attempts to distinguish *National Baptist Convention* from the facts of the present case, asserting the employer in *National Baptist Convention* "was a convention or an association of churches. The appellant daycare is not. As such, it must be determined whether the organization was operated primarily for religious purposes." In *National Baptist Convention*, the supreme court stated,

> Thus the Convention is exempt under Clause I if the hotel and bathhouse staff are its [the church convention] employees. On the other hand, since the facility is not operated primarily for religious purposes, there is no tax exemption if the workers are employed by some subordinate organization controlled by the Convention.

*Id.* at 376, 630 S.W.2d at 32. In other words, our supreme court determined that if the organization is a church or a convention of churches, or an association of churches, then the employer is exempt. If it is not, and then if the facility is operated primarily for religious

purposes, the exemption still applies. Only if the facility is not operated by a church and it is not operated for primarily religious purposes, does the tax exemption not apply.

The differences between the case above and the present case only strengthen Sunshine Academy's position. The employees of Sunshine Academy are paid from the First Pentecostal account that pays all other employees, rather than from a separate account from the daycare. In *National Baptist Convention*, there was a separate account for just the hotel and bathhouse from which paychecks were drawn. The directors of the daycare are the same directors of the church, and there is no separate governing body, as there was in the form of a three-person panel for the hotel. The pastor of First Pentecostal makes the final hiring and firing decisions, and the church secretary maintains the payroll accounts. As in the case above, a director or manager was hired to handle the day-to-day aspects of the operation. The daycare exists physically within First Pentecostal itself, and the church uses the daycare facilities during church hours. The Arkansas Supreme Court held that the hotel and bathhouse employees were in the employ of the National Baptist Convention, and therefore by the same analysis, we hold Sunshine Academy employees are considered employees of First Pentecostal.

After our de novo review of the issues concerning Arkansas Code Annotated section 11-10-210, we find the Department of Workforce Services erred, and we reverse.

Reversed.

HARRISON and HIXSON, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Michael Moore* and *Amanda Moore*, for appellant.

*Phyllis A. Edwards*, for appellee.